IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01960-RPM-CBS

JOSIAH BRANDT, and
JAMES M. DOUGLAS
f/k/a JAMES PURCELL,

      Plaintiffs,

v.

bd SYSTEMS, INC.,
a Colorado corporation, and
SCIENCE APPLICATIONS INTERNATIONAL CORPORATION,
a Delaware corporation,

      Defendants.

**PROTECTIVE ORDER**

WHEREAS, the parties to this matter, plaintiffs, Josiah Brandt and James M. Douglas f/k/a James Purcell (collectively, "Plaintiffs"), and defendants, bd Systems, Inc. and Science Applications International Corporation (collectively, "Defendants"), have requested and will request certain materials in the above-captioned proceeding; and

WHEREAS the parties recognize the legitimate interests of the other parties in the confidentiality of these materials;

THE COURT HEREBY ORDERS AS FOLLOWS:

1.     This Protective Order governs the use and handling of sensitive, confidential, personal, or business information contained in documents, exhibits, and testimony produced or provided by the parties in the above-captioned litigation, including any appeals therefrom (the

"Case"), whether through mandatory disclosures, in response to a discovery request, or otherwise.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated as CONFIDENTIAL INFORMATION shall be limited to material or information that a Party determines in good faith to include or to constitute a nonpublic trade secret; information that the Party is under a duty to maintain in confidence; or proprietary or confidential research, development, personnel, financial, personal, customer, or commercial information that is (a) unavailable to the public; (b) not readily determinable from public sources; (c) generally treated as confidential by the Party producing it; and (d) of such a nature that its disclosure would or may adversely impact the Party producing it.

4. With respect to CONFIDENTIAL INFORMATION contained in documents and tangible things, the party producing, disclosing, or responding (the "Responding Party") shall visibly stamp or mark each and every separate page or item of CONFIDENTIAL INFORMATION, regardless of form, with the legend "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" without covering any text or other content of the document or thing.

5. With respect to CONFIDENTIAL INFORMATION furnished in the form of deposition testimony, and subject to the provisions of Paragraph 11 below, the Responding Party

shall appropriately designate such as CONFIDENTIAL INFORMATION on the record at the time the testimony is taken or in writing within seven calendar days of receipt of the transcript of such deposition testimony, by reference to the specific portion of such transcript, identified by page and line number. The parties shall treat all depositions as containing CONFIDENTIAL INFORMATION for seven (7) calendar days following receipt of the transcript of a deposition in the case.

6. If testimony is designated as CONFIDENTIAL INFORMATION, the cover page and those portions of the original transcripts and all copies of deposition transcripts that contain CONFIDENTIAL INFORMATION shall bear the legend "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER."

7. With respect to CONFIDENTIAL INFORMATION furnished in the form of written discovery responses, the Responding Party shall appropriately designate such CONFIDENTIAL INFORMATION next to or above the response without covering the text of the response.

8. If testimony is designated as CONFIDENTIAL INFORMATION, the cover page and those portions of the original transcripts and all copies of deposition transcripts that contain CONFIDENTIAL INFORMATION shall bear the legend "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER."

9. Any party wishing to file CONFIDENTIAL INFORMATION with the Court shall comply with Rule 7.2 of the Local Rules of Practice for the United States District Court for

the District of Colorado (the "Court") or any other rule governing the filing of motions to seal in the Case.

10. The party receiving the confidential information (the "Receiving Party") and his or its counsel shall not (unless directed or permitted by a court) disclose the Responding Party's CONFIDENTIAL INFORMATION, except as otherwise provided herein, to any person other than:

(i) The parties, which, for purposes of this Protective Order, includes employees, officers, and directors of a party.

(ii) The Court, under seal, including court personnel, court reporters, and persons operating video recording equipment at depositions in this action.

(iii) Counsel who have appeared of record for a party in this action; partners, associates, legal assistants, or other employees of such counsel assisting in the prosecution or defense of this action; and in-house attorneys and legal assistants of any corporate party assisting in the prosecution of defense of this action.

(iv) Deposition or trial witnesses in the Case and their counsel, and outside experts or consultants (and their employees), employed or retained by any party or his or its counsel for the purpose of assisting counsel in the investigation, prosecution, or defense of claims in the Case; provided, however, that prior to disclosing CONFIDENTIAL INFORMATION to persons specified in this subdivision (iv), the Receiving Party and his or its counsel shall first inform such persons of the terms of this Protective Order, shall give such persons a copy of this

Protective Order, and shall obtain the written agreement of such persons, in the form of the Declaration attached hereto, that they will be bound by this Protective Order; and, provided further, that the Declaration of each person shall be maintained by counsel authorizing the disclosure. The Declarations of persons identified pursuant to Rule 26(a)(2) and (3) of the Federal Rules of Civil Procedure may be inspected by counsel for the other party upon reasonable request. The Declarations of all other persons may be inspected by counsel after the conclusion of the Case (*i.e.*, settlement, summary judgment, trial, and/or all appeals). Inspection will not be required if to do so would reveal information protected by the attorney-client privilege or the work product doctrine.

    (v)    Any mediator or arbitrator in this action.

    11.    This Protective Order shall not apply to any disclosure if (a) prior written consent to such disclosure has been obtained from counsel for the Responding Party, or (b) authorization for such disclosure has been given by the Court. Depositions in which CONFIDENTIAL INFORMATION will be disclosed shall be taken only in the presence of persons identified in Paragraph 10 of this Protective Order, and pursuant to the requirements of this paragraph. Subject to the Federal Rules of Evidence (or any other applicable evidentiary rules), CONFIDENTIAL INFORMATION may be offered in evidence at trial or at any Court hearing.

    12.    No copies of CONFIDENTIAL INFORMATION shall be made except by or on behalf of counsel for one of the parties in the Case for work product purposes or for review by

persons identified in Paragraph 10 of this Protective Order. Any such copies shall be made and used solely for purposes of the Case.

13. During the pendency of the Case, counsel shall retain legal custody of CONFIDENTIAL INFORMATION, and all copies made therefrom pursuant to Paragraph 12 above.

14. The Receiving Party may object to the designation of particular CONFIDENTIAL INFORMATION by giving written notice to the Responding Party. All such objections shall be asserted within seven (7) calendar days after receipt of the materials labeled CONFIDENTIAL INFORMATION. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection, it shall be the obligation of the Responding Party to file, no later than fifteen (15) calendar days from the date of the designation, an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is filed, the disputed information shall be treated as CONFIDENTIAL INFORMATION under the terms of this Protective Order until the Court rules on the motion. If the Responding Party fails to file such a motion within the time period specified above, the disputed information shall not be treated as CONFIDENTIAL INFORMATION under the terms of this Protective Order. In connection with a motion filed under this provision, the Responding Party shall bear the burden of proving by a preponderance of the evidence that good cause exists for the information to be treated as CONFIDENTIAL INFORMATION.

15. The inadvertent or unintentional disclosure of CONFIDENTIAL INFORMATION to the Receiving Party shall not preclude the Responding Party from later designating such information as "CONFIDENTIAL INFORMATION," provided that it shall not be considered a violation of this Protective Order to disclose such undesignated CONFIDENTIAL INFORMATION any time prior to the Responding Party's designation of such information as "CONFIDENTIAL INFORMATION." In the event that the Responding Party inadvertently fails to stamp or otherwise to designate information as "CONFIDENTIAL INFORMATION" at the time of its disclosure, the Responding Party shall not be deemed to have waived its right to stamp or otherwise to designate the information as "CONFIDENTIAL INFORMATION."

16. Unless the parties agree otherwise, CONFIDENTIAL INFORMATION shall not be filed with, or referred to in documents filed with, the Court, other than in one of the following three manners: (i) in a generic manner that does not permit identification of specific confidential information contained within the CONFIDENTIAL INFORMATION; (ii) on the public record, pursuant to Paragraph 11 above; or (iii) under seal pursuant to Paragraph 9 above.

17. In the event that any CONFIDENTIAL INFORMATION is used in any court proceeding, it shall not lose its confidential status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

18. CONFIDENTIAL INFORMATION shall be used by the Receiving Party only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

Accordingly, the Receiving Party shall not use, permit, encourage, or allow any other person to use any CONFIDENTIAL INFORMATION, or any information contained therein, for any purpose whatsoever except for the Case in accordance with this Protective Order. It is specifically understood that the Receiving Party shall not use or permit, encourage, or allow any other person to use any CONFIDENTIAL INFORMATION to achieve economic gain, to compete with, or to cause economic harm to the Responding Party.

19. In the event the Receiving Party receives a subpoena (or other lawful and enforceable order issued by any court or agency having competent jurisdiction) regarding or requiring the production of any CONFIDENTIAL INFORMATION, that party shall provide prompt written notice of such subpoena or request to the Responding Party, who may contest such subpoena or request for any CONFIDENTIAL INFORMATION subject to the provisions of this Protective Order, or may otherwise take whatever lawful measures are necessary and appropriate to protect the Responding Party's interests in the confidentiality of such material. The Receiving Party shall reasonably cooperate with the Responding Party in his or its efforts to protect the CONFIDENTIAL INFORMATION from disclosure; provided that this Protective Order shall not be interpreted to preclude the Receiving Party from complying with any such subpoena or lawful order that has not been quashed or set aside. Notwithstanding any other provision of this Paragraph to the contrary, each lead attorney for each Party shall have the right to maintain in his files exactly one copy of each document containing CONFIDENTIAL INFORMATION produced by the other party for a period of no greater than ten (10) years

following the conclusion of the Case, after which such attorney shall destroy all such CONFIDENTIAL INFORMATION, and no person other than the lead attorney or her and his partners, associates, legal assistants, or other employees may be given access to such CONFIDENTIAL INFORMATION during such ten-year period, unless access is required to comply with an order of a court having competent jurisdiction.

20. Except as otherwise agreed in writing by the parties, within forty-five (45) days of the conclusion of the Case (*i.e.*, settlement, summary judgment, trial, and/or all appeals), the Receiving Party and his or its counsel shall exercise their best efforts to ensure that all CONFIDENTIAL INFORMATION in the possession of the Receiving Party, and all copies thereof, produced by the Responding Party or otherwise obtained from the Responding Party, shall be promptly returned to the Responding Party, or, at the written request of the Responding Party, destroyed. If the CONFIDENTIAL INFORMATION is destroyed, the Receiving Party's counsel shall provide the Responding Party's counsel with a certificate identifying the CONFIDENTIAL INFORMATION so destroyed, without disclosing its contents.

21. Nothing contained in this Protective Order, nor any action taken in compliance with it, shall operate as an admission or assertion by a party or a witness that any particular material or information is, or is not, confidential. Any party may request that the Court modify or otherwise grant relief from any provision of this Protective Order, provided that the opposing party has a full and fair opportunity to present his or its position to the Court with regard to the relief requested.

22. This Protective Order is entered into solely for purposes of facilitating the exchange of documents and information between the parties to this action. Nothing in this Protective Order shall operate as an admission or assertion by any party that any particular material is, or is not, admissible in evidence. Nothing in this Protective Order shall be interpreted to preclude or to limit any party or witness from making and pursuing objections to relevancy, admissibility, or discovery regarding any material, or from making and pursuing any other objection authorized by applicable rule, law, order, or statute.

23. Material produced by any party or a witness prior to the entry of this Protective Order by the Court shall be subject to the provisions of this Protective Order to the same extent as if such Protective Order had been entered by the Court as of the date such material was produced.

24. Nothing in this Protective Order shall be interpreted to prevent or to restrict the parties from using or disclosing its own material (including its own CONFIDENTIAL INFORMATION) in any manner whatsoever.

25. Nothing in this Protective Order shall be construed as a waiver of any rights by any party or witness with respect to matters not specifically provided for herein, including, but not limited to, a waiver of the attorney-client privilege, the work product doctrine, and/or any other privilege or similar doctrine.

26. This Protective Order shall survive the termination of the Case.

27. By signing below, counsel represent and warrant that they have discussed this Protective Order with their respective clients and that they are authorized to and do hereby bind their respective clients to the terms of this Protective Order. In the event that additional individuals or entities become parties to the Case, such parties shall be required to agree in writing to the terms of this Protective Order prior to receiving any CONFIDENTIAL INFORMATION, or any portion thereof.

28. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which CONFIDENTIAL INFORMATION shall be treated at trial.

29. In the event the Court does not execute this Protective Order, and during the pendency of approval before the Court, this Protective Order shall nonetheless be binding as an enforceable contract between the Parties and their respective counsel, effective immediately upon execution by counsel for the Parties hereto.

SO ORDERED this 26th day of November, 2007.

> By: s/ Craig B. Shaffer
> United States Magistrate Judge
> Craig B. Shaffer

# DECLARATION

STATE OF COLORADO  )
                   ) ss.
COUNTY OF          )

_____ affirms and states under penalty of perjury:

30. I have read the Protective Order in *Josiah Brandt and James M. Douglas f/k/a James Purcell, Plaintiffs, v. bd Systems, Inc. and Science Applications International Corporation, Defendants* (the "Case"), a copy of which is attached to this Declaration.

31. I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Declaration have been designated as "CONFIDENTIAL INFORMATION," as defined in the Protective Order

32. I promise that I have not and will not divulge, or undertake to divulge, to any person or recording device any CONFIDENTIAL INFORMATION shown or told to me except as authorized in the Protective Order, so long as such CONFIDENTIAL INFORMATION is subject to the Protective Order. I will not use the CONFIDENTIAL INFORMATION for any purpose other than the Case, so long as such CONFIDENTIAL INFORMATION is subject to the Protective Order.

33. For the purpose of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the Case.

34. I will abide by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type Name)
Address:
_____
_____
Telephone No.: (_____) _____